■ In the Matter of the Claim of ANNA BRUMAN, Respondent, against HORN & HARDART CO. et al., Appellants. WORKMEN'S COMPENSATION BOARD, Respondent.— Appeal from a decision and award of the Workmen's Compensation Board. The decedent was employed by a restaurant chain as a chef foreman. He did no heavy physical work and had two assistant foremen to help him supervise 20 people in the kitchen. While standing in the employer's kitchen reading from a sheet of paper and reaching in his pocket for his eyeglasses on March 20, 1953, he suffered a heart attack from which he died. An award of compensation has been made to his dependents by the Workmen's Compensation Board. Decedent had suffered a series of heart attacks prior to the one causing his death. In late 1949 and early 1950 he had been out of work for eight months because of such illness; in November and December, 1952 he had been hospitalized and out of work; and in February, 1953 he had again been ill and advised by the employer's physician to rest for six weeks, although his personal physician thought it would be all right for him to return to work when he did, on March 13, 1953. This was seven days before his attack on March 20. There is proof that the kitchen was busy and that decedent had been working hard in his supervisory capacity; and that he had stated that on March 19 he had "a big order", and that it was "a very busy day". When we examine this record in the light of the decisions in *Matter of Detenbeck* v. *General Motors Corp.* (309 N. Y. 558), and *Matter of Burris* v. *Lewis* (2 N Y 2d 323) we feel required to determine as a matter of law that accidental causation of decedent's death has not been established. Award reversed and claim dismissed, with costs to appellant against the Workmen's Compensation Board. Foster, P. J., Bergan, Coon and Gibson, JJ., concur.

■ In the Matter of the Claim of BEECHER BURLINGHAM, Respondent, against ONONDAGA COUNTY PARK AND REGIONAL PLANNING BOARD et al., Appellants. WORKMEN'S COMPENSATION BOARD, Respondent.— Appeal by the employer and carrier from an award of disability compensation. While lifting a heavy picnic table over a bank on August 9, 1952, claimant sustained a severe back sprain. In May, 1953, claimant complained of pain in the left kidney region. On August 8, 1953, he was hospitalized for acute prostatitis. Appellants do not dispute the original accident. They contend, however, that there is no evidence that the disability due to the kidney condition and prostatitis is causally related to the accident. Claimant's attending physician, in both reports and' testimony, expressed an unequivocal opinion that both conditions were the result of the accident, and explained his reasons for such an opinion. We think the board could accept the testimony of the attending physician, and that the award is supported by substantial evidence. Award affirmed, with costs to the Workmen's Compensation Board. Foster, P. J., Bergan, Coon and Gibson, JJ., concur.